UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

BILLY D. LAWRENCE,                          )
                                            )
            Plaintiff,                      )
                                            )
      vs.                                   )        1:07-cv-197-JDT-WTL
                                            )
                                            )
SWIFT TRANSPORTATION COMPANY,               )
INC.,                                       )
                                            )
            Defendant.                      )


**ENTRY ON DEFENDANT'S MOTION TO TRANSFER VENUE (Doc. No. 15)[1]**


**I.  Background[2]**


      Plaintiff Billy D. Lawrence ("Lawrence") was a repairman employed with

Rieskamp Equipment Co., Inc.  At Reisekamp's request Lawrence traveled to

Wyandotte County, Kansas to service a truck-wash bay of defendant Swift

Transportation Company, Inc. ("Swift").  Apparently, Lawrence and a Swift supervisor

noticed that there was a backed up drain and an accumulation of water and/or ice on

the floor.  Lawrence returned the following day, February 15, 2005, to begin the repairs

– he climbed a ladder to replace a solenoid, lost his footing, and fell to the floor,

---

[1]  This Entry is a matter of public record and will be made available on the court's web
site.  However, the discussion contained herein is not sufficiently novel to justify commercial
publication.

[2]  The facts described herein are not intended in any way to be dispositive of the ultimate
factual determinations in the case.  This recounting just provides a general factual background
based on the parties' pleadings.

fracturing his left knee cap and clavicle and sustaining other serious injuries.  Lawrence received emergency medical treatment in Kansas.  All events surrounding the accident occurred in Kansas.

Lawrence subsequently returned to Indiana were he underwent various treatments, including multiple surgeries, over the next two years.  On March 3, 2007, Lawrence suffered an intracerebral hemorrhage.  He was on the blood thinner Coumadin at that time which made doctors unable to intervene surgically to stop the bleeding.  He died on March 4, 2007.

At the time of the accident, Swift was a Nevada corporation with its principal place of business in Phoenix, Arizona.  Swift operates a terminal in Indiana in Lake County.  Lawrence was a citizen of Indiana.  In the Amended Complaint, Lawrence (through his estate) asserts Negligence and Wrongful Death claims.  There is also apparently a related action pending before the Worker's Compensation Board in Indiana and an Estate case pending in Marion County Probate Court.  Swift filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) seeking to transfer this case from the Southern District of Indiana to the United States District Court of Kansas.

**II.  Analysis**

The relevant statute,  28 U.S.C. § 1404(a), provides that, "For the convenience of parties, and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Thus, transfer is proper where (1) venue is proper in the transferor district, (2) venue and jurisdiction

are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *See, e.g.*, *Bousis v. Marriott Int'l, Inc.*, 47 F. Supp. 2d 1004, 1004 (N.D. Ill. 1999). The parties do not contest that venue and jurisdiction are proper in both courts; thus the court concerns itself only with the convenience of the parties, the convenience of the witnesses, and the interest of justice. Courts consider and balance these factors in a case-by-case manner, in light of the circumstances of the particular case. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The determination is in the discretion of the trial judge. *Id.* ("The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge.").

In this case Lawrence prefers the Indiana court while Swift prefers the Kansas court. Of course there are going to be aspects of the case which make Indiana more convenient and aspects that make Kansas more convenient. Obviously, one party, and likely its witnesses, is going to be inconvenienced when its preferred venue is not chosen. The party moving for the transfer, here Swift, has the burden of establishing that the transferee forum is more convenient. *Coffey*, 796 F.2d at 219-20. This is less than the showing of inconvenience required for a forum non conveniens dismissal. *Id.* at 220. Merely shifting the convenience (and inconvenience) from one side to the other, however, is not sufficient. *Enviroplan, Inc., v. W. Farmers Elec. Coop.*, 900 F.Supp. 1055, 1064 (S.D. Ind. 1995). The task before the court is to figure out if Swift

can establish that, overall, the district court in Kansas is the more convenient forum for

the entire case and that such a transfer would best serve the interest of justice.

### A.  Convenience of the Parties[3]

Lawrence chose Indiana as the forum.  The plaintiff's choice in forum is entitled to substantial deference.  *See Chi., Rock Island & Pac. R.R. Co. v. IGOE*, 220 F.2d 299, 302 (7th Cir. 1955); *see also In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").  However, no such deference is given when the chosen venue has no connection to the underlying cause of action.  *Chi., Rock Island*, 220 F.2d at 304 ("[T]his factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." (internal quotations omitted)); *Bousis*, 47 F. Supp. 2d at 1004.

As originally filed, Swift would have had a strong argument that Lawrence's choice should be afforded little deference, because, with all relevant events having occurred in Kansas, the venue chosen by the plaintiff had no connection to the underlying action.  *See Chi., Rock Island*, 220 F.2d at 304.  However, Lawrence's

---

[3]  The three main considerations – the convenience of the parties, the convenience of the witnesses, and the interest of justice – are well established.  The case law is inconsistent, however, on the factors to be considered within each of these categories.  Most courts evaluate similar factors, but often placed under different prongs.  For example, the fact that the situs of the relevant events is located within a particular forum's jurisdiction is sometimes considered as a "convenience to the parties" and other times an "interest of justice."  *Compare Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) *with Bousis*, 47 F. Supp. 2d at 1007.  The court finds these distinctions rather insignificant as long as all the relevant points are included somewhere in the discussion.

amended complaint now includes a wrongful death claim in addition to the negligence cause of action.  Events relevant to that claim did occur in Indiana, specifically Lawrence's treatment and ultimately his death.  Thus, Swift cannot establish that the chosen venue has *no* connection to the relevant facts.  Lawrence's choice of forum, then, must be given some deference.

While the wrongful death claim plus Lawrence's death gives the case a factual hook to Indiana, the fact that the case was brought in Lawrence's home forum seems less significant than it might otherwise be, since, unfortunately, Lawrence is no longer living.  Thus, the convenience to him personally and the significance of it being his home is diminished somewhat (although not completely since, among other things, his widow, also administrix of his estate, still resides here).  Also, to the extent the Indiana facts are at issue, they are more abstract – being medical and therefore less keyed to a physical location, such as the accident scene.  These considerations weaken the significance of the Indiana connection.

Another fact favoring Indiana as a more convenient forum for the parties is that related actions are pending before the Worker's Comp Board and in Probate Court. Having those pending cases in Indiana is by no means dispositive, but it would admittedly be inconvenient for the plaintiff to be conducting factually related cases, possibly at the same time, in different states, likely requiring multiple attorneys, that might otherwise be unnecessary.  However, the bare fact that the plaintiff might be required to hire an additional attorney is not particularly persuasive.  *See Chi., Rock*

*Island*, 220 F. 2d at 304.

Aside from these few issues, there is no other added convenience or inconvenience to the parties themselves regarding the transfer.  These considerations favor the Southern District of Indiana as the forum, but not overwhelmingly so.

### B.  Convenience of the Witnesses

This second consideration, closely related to the first, is the convenience to the witnesses – primarily the non-party witnesses.  Oftentimes this consideration is deemed the most significant of the three.  *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998). Convenience considerations include the number of witnesses involved, travel distance for these witnesses and the associated costs, the willingness of the witnesses to appear, or whether the individual is within the court's reach to compel appearance. *Id.*  In the instant case, each side, of course, claims inconvenience to its witnesses should they have to travel to the other forum.  Likewise the subpoena power over witnesses can be argued to favor each of the jurisdictions.

Swift claims that the events surrounding the accident in Kansas are the most important to the case, and the residences of the witnesses relevant to those events make Kansas the more convenient forum.  They would have to travel some 500 miles to the Southern District of Indiana, but they all live under 100 miles from the court in Kansas.  It would be inconvenient as well as costly for each of these witnesses to travel such a distance to Indiana.  In addition to witnesses employed by Swift, one former Swift employee, a police officer, emergency medical technicians, and other medical

personnel would likely be called as witnesses.  Courts typically weight the convenience of non-party witnesses and witnesses not controlled by the parties more heavily than those who are controlled or strongly influenced by the parties, because they are more likely to not appear voluntarily.  *See, e.g.*, *Bousis*, 4 F. Supp. 2d at 1006.  Therefore, the Kansas court's ability to compel these witnesses to appear in court is significant.  The court sees a solid basis for Swift's argument that Kansas is the more witness-convenient forum.

Similarly, Lawrence argues that Indiana is the more convenient forum for its witnesses.  It lists over nineteen doctors that it considers likely witnesses who treated Lawrence in the two years following the accident; all work and live in the Indianapolis area and would have to travel about 500 miles if the case were transferred to Kansas.  Lawrence also points out the relative economic circumstances of each party, indicating that Swift, a large company, is in a better position to pay for its handful of witnesses to travel than Lawrence is for these many doctors.  Also, unlike some of Swift's employee-witnesses, none of the witnesses Lawrence lists is employed by, a family member of, or otherwise under the influence of the plaintiff.  Kansas would lack compulsory process over these witnesses.  Thus the lack of an obligatory willingness and ease of getting these doctors to Kansas makes the Southern District of Indiana the more convenient forum for them.

Case law cautions against doing a mere count to determine the overall

convenience of the witnesses – the substance of the testimony matters.  *Hanley*, 6 F. Supp. 2d at 775 (finding the convenience factor should not turn on who "produces a longer witness list" and "the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case."); *see also Bousis*, 47 F. Supp. 2d at 1006 ("Sheer numbers alone, however, do not accurately reflect the full extent of the witnesses' convenience factor.")  Swift contends that at most five of these nineteen doctors listed by Lawrence can provide relevant testimony into the cause of death and that the majority of the doctors' testimony will go toward damages rather than liability. As a consequence, Swift argues that since the bulk of the witnesses critical to the initial accident and critical to establishing liability reside nearer to Kansas, then Kansas is the more convenient forum.  Convenience as to these damages witnesses should be given less weight, because unless liability is established, damages will not even be reached. *Kahhan v. City of Fort Lauderdale*, 566 F. Supp. 736, 739 (D.C. Pa. 1983) ("It will be helpful to examine the convenience of liability witnesses separately from the convenience of damage witnesses, since liability witnesses may be considered of higher quality and their convenience given more weight.")

Of course, technology, like the use of video, as well as other alternative means of obtaining testimony, may be available for witnesses unwilling to travel the distance to court.  *Id.*  However, there is a preference for live testimony whenever possible.  *See, e.g.*, *Hanley*, 6 F. Supp. 2d at 776; *Kendall U.S.A., Inc. v. Central Printing Co.*, 666 F. Supp. 1264, 1268 (N.D. Ind. 1987).  The testimony from nearly all of Swift's identified witnesses would seem indispensable, material, and relevant with little or no debate.

-8-

The face-to-face testimony of these witnesses before the jury seems very important. On the other hand, the court suspects that at least some of the doctors' testimony on Lawrence's side would be brief, would not be needed unless the case reaches a question on damages, and would perhaps be cumulative (for instance, will all five of the doctors listed from Community Health Network offer uniquely relevant testimony?). *See Hanley* 6 F. Supp. 2d at 775 (finding it significant that five of the plaintiff's six identified witnesses would provide only cumulative testimony). Additionally, it is the court's experience that most frequently medical testimony is obtained through depositions because of the busy and demanding schedules of medical professionals. This can be done with video or via a live video conference. It seems that less would be lost in having alternative forms of testimony from some of these doctors than sacrificing the live testimony of those so closely related to the accident.

Thus, on the numbers, this factor goes in favor of Lawrence, but it shifts back toward Swift when considering the likely substance and nature of the testimony.

### C.  Interest of Justice

The third statutory consideration in a motion to transfer is the "interest of justice." This is a "separate component" and "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F. 2d at 220; *see also Chi., Rock Island*, 220 F.2d at 303 ("It has been held that the phrase should be given paramount consideration."). This consideration, relating to the "efficient functioning of the courts," *Coffey*, 796 F.2d at 221, often includes discussion of

the following factors: the relative ease of access to sources of proof; the accessibility of the premises involved in the litigation; the relative congestion of the court dockets; the familiarity of the courts with the relevant state law which may be applicable; and the appropriate block of citizens on whom to impose the burden of jury duty.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947) (listing many of these factors in the forum non conveniens context); *Coffey*, 796 F.2d at 221 (listing some of these factors); *Chi., Rock Island*, 220 F.2d at 303 (same).

In this case, most of the evidence and the situs of the injury are located in Kansas.  *See Bousis*, 47 F. Supp. 2d at 1007 (explaining that it is important for the court to have access to the location of the accident).  While some relevant events – such as Lawrence's death – occurred in the Southern District of Indiana, the premises of those events do not appear to be as critical as the actual physical location of the initial accident site.  With a transfer to Kansas, examination of the accident scene becomes possible.

Similarly, it would be appropriate for Kansas citizens to bear the burden of jury duty in this case.  "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."  *Chi., Rock Island*, 220 F. 2d at 304 n.4.  Swift argues that Indiana residents have less of a relationship with an accident occurring in Kansas.  This case about a local accident would appropriately be lodged in the local court – in Kansas.  This, however, does not entirely eliminate Indiana citizens' general relationship to the litigation, because Lawrence was an Indiana citizen who ultimately died in Indiana.

In similar cases, courts have presumed that a federal district court sitting in a given state is more familiar with that state's law than a court sitting elsewhere. *Bousis*, 47 F. Supp. 2d at 1007. Because of this, courts have looked favorably upon transfers into the more experienced court. Before the addition of the wrongful death claim in this case, it appeared that only Kansas substantive law would apply because Indiana's choice of law rules point to Kansas law as governing since Kansas was the location of the accident. *Simon v. U.S.*, 805 N.E. 2d 798 (Ind. 2004); *Hubbard Mfg. Co., Inc. v. Greeson*, 551 N.E. 2d 1071, 1073 (Ind. 1987). This would strongly support granting the motion to transfer. *See, e.g.*, *Bousis*, 47 F. Supp. 2d at 1007. This continues to be true. However, the addition of the wrongful death claim likely makes Indiana substantive law relevant (although this is potentially arguable, *see Simon*, 805 N.E. 2d at 804-07; *Hubbard Mfg. Co., Inc.*, 515 N.E. 2d at 1073-74), making Swift's position less compelling.

Efficient administration of justice is a strong factor under this prong of the test. This clearly goes in favor of granting the transfer. The Southern District of Indiana ranks third in the nation for weighted filings per judge; Kansas ranks 62nd. *See* http://www.uscourts.gov/cgi-bin/cmsd2006.pl. As Swift points out in its brief, cases generally move more quickly in the District of Kansas than in the Southern District of Indiana. Statistics show that the median time civil cases proceeded from filing to trial was four months faster in Kansas than in Indiana's Southern District. http://www.uscourts.gov/caseload2006/tables/C05Mar06.pdf. Granting transfer would theoretically move this particular case along more quickly and lighten the load on this

-11-

court's docket.

## III.  Conclusion

This is a close case.  There are links and conveniences to each forum.  On one hand the plaintiff chose the Southern District of Indiana – a choice which is given some deference.  Lawrence also lists numerous witnesses who would be inconvenienced if the case were transferred to Kansas.  On the other hand, Kansas is the location of the primary events in the case, the home of many key witnesses, and the Kansas court, unlike this court, has the ability to compel the appearance of these seemingly crucial witnesses.  Kansas also is the situs of the accident which underlies the entire case – even the wrongful death claim derives, ultimately, from the events in Kansas. Lawrence's witnesses seem better suited, given the nature and substance, to alternative forms of testimony.  Additionally, with the striking difference in caseloads between the districts, this case will likely proceed more quickly in the Kansas court. When considering the convenience to the parties and witnesses and the interests of justice, transfer under 28 U.S.C. § 1404(a) to the U.S. District Court of Kansas is appropriate.  The motion is **GRANTED**.

ALL OF WHICH IS ORDERED this 8th day of November 2007.

_____

John Daniel Tinder, Judge
United States District Court

-12-

Copies to:

Misti Presnell DeVore
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
mdevore@scopelitis.com

Thomas E. Farrell
SCOPELITIS GARVIN LIGHT & HANSON
tfarrell@scopelitis.com

Peter H. Rosenthal
LAW OFFICE OF PETER H. ROSENTHAL
atyrosenthal@aol.com